UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4: 22 CR 568 AGF / DDN |
| TEVIN DAMYRON BROWN, | ) ) |
| Defendant. | ) |

## ORDER AND RECOMMENDATION
## REGARDING CERTAIN *PRO SE* MOTIONS

This case is before the Court on three *pro se* pretrial motions of defendant Tevin Damyron Brown:

(a) Doc. 25: a handwritten letter from defendant to his appointed Assistant Federal Public Defender Eric M. Selig, captioned "Termination of Legal Council (sic)" and stating defendant was "terminating [their] current relationship because [defendant is] representing [himself] sui juris" (letter signed by defendant);

(b) Doc. 28: a typewritten document captioned, "AFFIDAVIT OF FACT CRIMINAL COMPLAINT, HABEAS CORPUS, DECLARATION FACTUAL INNOCENCE, AVERMENT OF JURISDICTION AND VENUE, LACK OF JURISDICTION TO PROSECUTE UNDER TITLE 18 CRIMES, FOR THE RECORD, TO BE READ INTO THE RECORD", by which defendant seeks the expungement of the record of this case and the payment of $2,500 to his "Power of Attorney Ricardo Elliott" (document signed by both Ricardo Orlando Elliott and by defendant); and

(c) Doc. 31: a handwritten document captioned, "AFFIDAVIT OF FACT, NEXT FRIEND" for leave to have his "power of attorney and next friend Ricardo Orlando Elliott assist [him] on [this] case" (signed by both Ricardo Orlando Elliott and by defendant).

Defendant Brown is charged by indictment in this case with possessing a firearm on August 8, 2022, in the City of St. Louis, after he had been convicted in a court of law of one or more crimes that were punishable by a term of imprisonment exceeding one year, and that the firearm had traveled in interstate or foreign commerce during or prior to being in defendant's possession.  The indictment alleges that these facts are a violation of Title 18, United States Code, section 922(g)(1), and, if proven, are punishable under Title 18, United States Code, section 924(a)(2).  (Doc. 1.)

Defendant was arrested on the indictment on November 21, 2022, and on that date was brought before Magistrate Judge Nannette A. Baker for an initial appearance under Federal Rule of Criminal Procedure 5.  During the initial appearance, Judge Baker appointed the Federal Public Defender to represent defendant.  On November 23, 2022, Judge Baker ordered defendant Brown's release from custody on an appearance bond and conditions of release.  (Docs. 21 and 22.)

Defendant's filings focus on two major questions:  (1) whether defendant can retain Mr. Ricardo Orlando Elliott to represent him in this case and (2) whether the Court has authority to prosecute him in this case.

### *Defendant's representation*

The Sixth Amendment to the Constitution of the United States provides:  "In all criminal prosecutions, the accused shall [have the right to] . . . have the assistance of counsel for his defense."  U. S. CONST. amend. VI.  Under the Criminal Justice Act, if he is financially unable to retain private counsel, generally the Court must appoint counsel to represent defendant.  *See* 18 U.S.C. § 3006A(a)(1)(A) and (b).  At the time of his initial appearance, Judge Baker appointed the Public Defender' Office to represent defendant at government expense.  From that time onward, Assistant Federal Public Defender Eric M. Selig has represented defendant.

During the hearing held on January 11, 2023, defendant expressed his desire that he be advised and represented by Ricardo Orlando Elliott, because defendant has designated

2

him as defendant's "Power of Attorney" and "Next Friend."  In a letter to defense attorney Selig, dated January 15 and filed on January 17, 2023,  defendant stated:

> I will represent myself sui generis and have Ricardo Orlando Elliott assist me on my criminal case [in] #4:22 cr 568 AGF as my Power of Attorney and Next Friend, until my case is dismiss[ed] or over with in my criminal case.
>
> I have decided to terminate Public Defender Eric M. Selig as my current legal attorney immediately and have accepted legal and lawful assist[ance] from Power of Attorney and Next Friend Ricardo Orlando Elliott to assist me in my criminal case.
>
> I am terminating this relationship because I am representing myself sui generis and not pro se and I don't want any Public Defender or paid attorney on my case at any time.  I request and demand that Public Defender Eric M Selig do not take any further action on my criminal case.

(Doc. 31 at 3-4.)

The Court understands defendant's use of the term *sui generis* to mean "individual" or "unique." *See* Bryan A. Garner, Garner's Modern American Usage, at 785 (Oxford University Press, 2009) (3rd ed.).  The Court agrees with defendant that in this case, he is "sui generis" in the sense that he is a unique individual who is entitled to all the rights the law provides any litigant in this Court.

Congress has provided that any litigant in this Court, such as defendant Brown, "may plead and conduct their own cases personally . . . ." *See* 28 U.S.C. § 1654.  This is the usual meaning to the phrase "pro se." *See* https://legaldictionary.net>pro-se.  Further, "[i]ndigent defendants are entitled to refuse the assistance of appointed counsel and, instead, to represent themselves." *United States v. Nissen,* 555 F.Supp.3d 1174, 1194 (D. N. M., Aug. 19, 2021) (citing *Faretta v. California,* 422 U.S. 806, 807 (1975)).

However, *pro se* status is what defendant Brown states he **does not want** for himself.  Instead, it is the Court's understanding that defendant wishes to be represented and advised by Mr. Ricardo Orlando Elliott.  Defendant has repeatedly stated he wishes to be advised by Mr. Elliott and not attorney Selig.  During the hearing held on January 11, 2023, Mr. Elliott came into the courtroom and for a brief moment addressed the Court from

3

the spectators section of the courtroom on defendant Brown's behalf. At that time, no answer was given to the Court's question as to whether Mr. Elliott was a licensed attorney, but from the nature of the proceedings at that time and from the fact that defendant Brown has never stated that Mr. Elliott is a licensed attorney, the Court assumes that he is not licensed as an attorney at law by any legal jurisdiction.

While defendant is authorized by Congress to represent himself in this case, Congress has provided further that any litigant in its courts may be represented "by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *See* 28 U.S.C. § 1654.

The applicable local rule of this Court provides:

(A) **Roll of Attorneys.**

The bar of this Court consists of those attorneys who have been granted admission upon satisfaction of the requirements for admission to practice before this Court prescribed by the rules in force at the time of their application for admission. Except as otherwise provided in this rule, only attorneys enrolled pursuant to the rules of this Court or duly admitted [for the purposes of a specific case only] may file pleadings, appear, or practice in this Court.

Nothing in these rules is intended to prohibit any individual from appearing personally on his or her own behalf.

Eastern District of Missouri Local Rule 12.01. The Supreme Court of the United States has stated that a person who is not a member of the respective court may not represent someone else. *See Wheat v. United States*, 486 U.S. 153, 159 (1988).

Therefore, Mr. Ricardo Orlando Elliott may not represent defendant before the Court in this case, because Mr. Elliott has not been shown to be a member of the bar of this court, irrespective of whether he has assertedly acquired the status of defendant's "Power of Attorney" or "Next Friend."

For these reasons, the Court does not grant Ricardo Orlando Elliott leave to represent defendant in this case. Because defendant stated his refusal to accept the services of attorney Eric Selig when also stating he wishes to be represented and advised of Mr.

Elliott, the Court orders attorney Selig to remain in the case at least as back-up counsel for defendant Brown in the event defendant wishes to use his services.

### *Court's Authority Over Defendant in this Case*

In the document captioned "AFFIDAVIT OF FACT CRIMINAL COMPLAINT" defendant initially seeks certified copies of the following documents:

(1)   a "Delegation of Authority Order" as proof of the Court's jurisdiction over this case.  The Court has authority to act in this case, because the factual activity alleged in the indictment states a violation of 18 U.S.C. § 922(g)(1), which provides, "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess in or affecting commerce any firearm which has been shipped or transported in interstate or foreign commerce."  These facts are alleged in the indictment.

Congress has provided, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.  Nothing in this title shall be held to take away or impair the jurisdiction of the Courts of the several states under the laws thereof."  18 U.S.C. § 3231.  Thus, this Court alone has authority over the indictment's allegations that defendant violated federal law.  This case in no way encroaches on the jurisdiction of the state courts in any prosecution of defendant under state law.  Any disposition of a state court criminal prosecution of defendant for violating Missouri state law is irrelevant to whether this federal case may go forward.

The Court sees no purpose in providing defendant with a certified copy of the cited statutes, which are quoted in this Order and Recommendation and which are otherwise available to the public.

(2)   the document stating the probable cause by which defendant was arrested.  That document is the indictment in this case which the Court directs be mailed to defendant in certified copy form.

(3)     defendant's arrest warrant, which the Court directs be mailed to defendant in certified copy form.

(4)     a document captioned "Affidavit in Fact" to support this federal prosecution which the Court finds is irrelevant in this case, because of the filing of the indictment.

(5)     copies of the oaths taken by Magistrate Judge Nannette A. Baker and by Assistant United States Attorney Nauman Wadalawala, which documents the Court finds frivolous to whether the Court has authority over defendant in this case.

(6)     a document captioned "Fair Warning Doctrine Notice" which defendant argues is necessary for him to be prosecuted in this case after the Missouri state court dismissed the related state charges.  For lack of such a notice, defendant seeks to have this case dismissed, its record expunged, and the payment by the United States to defendant's "Power of Attorney" the sum of $2,500.00.  In support of this relief, defendant argues the following:

> Under title 18 United States Crimes for lack of Jurisdiction to Prosecute, Bond V. United States: the Supreme Court rule that Bond had "Standing to challenge a federal statute on grounds that the measure interferes with the powers reserved to states "Pg 3-14. Anything in repugnance to the Constitution is invalid or unlawful. Without the Validity of title 18 U.S.C 3231 a federal court must revert to powers of the federal courts back to the States. The Bond ruling provides standing for anyone to challenge it U.S.C Section 3231 and any crimes that could have been, tried by the state where you could have received less time (in many cases the state decided not to prosecute at all. See U.S V. Sharpnack, 355 US 286 (1957). Under the Fair Warning Doctrine, to prosecute someone under a prior statute a person must be given warning under that statute. Therefore, no possible prosecution exist under title 21, title 26, or under any title 18 charge other than those listed in the 1909 act but prior notice is required . Petitioner Tevin Damyron Brown had a state charge that was dismissed, and about 6 to 8 months later- the Federal Government picked up my charge from the state and charged petitioner with a Federal charge under title 18 U.S.C 922 (g) (1) and title 18 U. S.C. 924 (a) (2) without giving Petitioner Tevin Damyron Brown Fair Warning Doctrine Notice, before prosecuting Petitioner Tevin Damyron Brown under a prior statute. Title 18 U.S.C 922 (g) (1) and title 18 U. S.C. 924 (a) (2) repugnance to the Constitution and is invalid or unlawful and it lacks Subject Matter Jurisdiction to prosecute Petitioner Tevin Damyron Brown under any statute without a fair Warning Doctrine Notice.

6

(Doc. 28 at 2.)

The argument made by defendant in this section (6) is not properly before the Court because the document is signed by Ricardo Orlando Elliott along with defendant. The Court will not consider an argument made by Mr. Elliott on behalf of defendant because Mr. Elliott is not a member of the bar of this Court.

Even if considered, the section (6) argument is without merit. While defendant may have standing to complain about the United States prosecuting him in this federal court after the Missouri state court dismissed related state charges, he is not entitled to any relief by that argument.

Defendant's reference to *United States v. Sharpnack*, 355 U.S. 286 (1957), is irrelevant to this case, because *Sharpnack* involved the federal prosecution under what later became known as the Assimilative Crimes Act of a defendant in a federal enclave, *i.e.* Randolph Air Force Base in the Western District of Texas, for violating state law. That is not this case; defendant has not been charged with criminal activity in a federal enclave; and in *Sharpnack* the Supreme Court stated the federal prosecution could proceed.

Further, there is no requirement in the law that defendant be furnished with a Warning Doctrine Notice before defendant may be prosecuted in this case.

## **CONCLUSION**

For these reasons,

**IT IS HEREBY ORDERED** that the motions of defendant TEVIN DAMYRON BROWN for leave to employ Ricardo Orlando Elliott as his legal advisor and attorney **[Docs. 25 and 31] are denied.** Mr. Elliott may not be employed by defendant for these purposes in this case. Assistant Federal Public Defender Eric M. Selig must remain as defendant Brown's appointed attorney to provide such legal advice and representation that defendant Brown desires Mr. Selig to provide.

**IT IS FURTHER ORDERED** that the Clerk of Court provide defendant Brown through Assistant Federal Public Defender Eric M. Selig a certified hard copy of the indictment and the arrest warrant filed in this case.

**IT IS FURTHER ORDERED** that if defendant Brown wishes to represent himself without being represented by Ricardo Orlando Elliott, he may so advise the Court in writing and a hearing on that matter will be promptly set.

**IT IS HEREBY RECOMMENDED** that the motion of defendant Brown to dismiss this case for the reasons set forth in **[Doc. 28] be denied.**

The parties are advised they have 14 days to file written objections to this Order and Recommendation. The failure to file timely written objection may waive the right to appeal any issue of fact.

                                        **/s/ David D. Noce**
                                   **UNITED STATES MAGISTRATE JUDGE**

Signed on January 23, 2023.