UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22CR00568 AGF (JSD) |
| | ) |
| TEVIN DAMYRON BROWN, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE
ORDERS AND RECOMMENDATIONS**

This matter is before the Court on the Defendant's pretrial filings related to his criminal case. All pretrial motions and matters were referred to United States Magistrate Judge David D. Noce under 28 U.S.C. § 636(b), and following his retirement, were referred to United States Magistrate Judge Joseph S. Dueker. Defendant was initially charged by indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and punishable under 18 U.S.C. § 924(a)(2). A superseding indictment was thereafter filed charging Brown with one count of possessing one or more firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a machine gun, in violation of 18 U.S.C. § 922(o).

**Procedural History**

On November 21, 2022, Judge Noce entered a pretrial order, giving the parties until February 22, 2023, to file pretrial motions. On December 27, 2022, Brown filed a pro se document captioned "Termination of Legal Council" in which he stated he was representing himself sui juris, but further asked for his case to be sent to his address "to share with my newly obtained legal and lawful person assisting me on my case." (Doc.

No. 25). The individual referenced, Ricardo Orlandis Elliott, apparently is not an attorney admitted to practice before the Court, and Defendant does not suggest he is an attorney. The Assistant Federal Public Defender appointed to represent Brown thereafter requested a status hearing, which was granted and set for January 11, 2023. On January 10, 2023, Defendant Brown filed a pro se document related to the charge, dated January 6, 2023, captioned, in part, "Affidavit of Fact Criminal Complaint/ Habeas Corpus/ Declaration of Factual Innocence . . .," to which he attached two additional documents: an "Affidavit of Fact to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue, and Void-For Vagueness Doctrine" and a "Memorandum of Law in Support of Missouri Habeas Corpus." (Doc. No. 28).

On January 11, 2023, Judge Noce held a status conference on the pro se motion for termination of legal counsel. After hearing testimony from Brown, Judge Noce determined that appointed counsel Selig would remain on the case until Defendant hired new counsel and new counsel entered an appearance. (Doc. No. 30; minute entry). On January 17, 2023, Brown filed two pro se documents, each styled as an "Affidavit of Fact," stating that he decided to terminate his relationship with appointed counsel, and that he wished to represent himself "and have Ricardo Orlandis Elliott assist me on my criminal case 4:22cr568AGF as my Power of Attorney and Next Friend, until my case is dismiss[ed] or over with in my criminal case." (Doc. No. 31). No new attorney entered an appearance on Brown's behalf.

On January 23, 2023, Judge Noce entered an Order and Recommendation Regarding Certain *Pro Se* Motions ("O&R"). (Doc. No. 32). In the O&R, Judge Noce

2

recognized that indigent defendants were entitled to refuse the assistance of appointed counsel, and to represent themselves, but that Brown had stated he did not wish to represent himself, but rather wished to be represented and advised by Mr. Elliott, as opposed to attorney Selig.   When Mr. Elliott entered the courtroom and briefly addressed the Court from the spectator section of the courtroom, he refused to respond to Judge Noce's question as to whether he was a licensed attorney.   Judge Noce denied Mr. Elliott leave to represent Brown, finding such representation was precluded both by 28 U.S.C. § 1654, this Court's Local Rule 12.01, and Supreme Court caselaw.   On the record, he assumed that Mr. Elliott is not licensed as an attorney at law by any legal jurisdiction.   Judge Noce further ordered that if Brown wished to represent himself, without being represented by Ricardo Orlando Elliott, he could so advise the Court in writing and a hearing on the matter would be promptly set.

Judge Noce also denied Brown's requests for copies of documents, including a "Delegation of Authority Order" as proof of the Court's jurisdiction over the case; certified copies of statutes; an "Affidavit in Fact" to support the federal prosecution; copies of oaths taken by Magistrate Judge Baker and the Assistant United States Attorney (hereinafter, "AUSA"); and a copy of a document Brown called a "Fair Warning Doctrine Notice," which Brown asserted was necessary for him to be prosecuted in this case after the Missouri state court dismissed its charges against him.   Judge Noce did direct that certified copies of the indictment and arrest warrant be provided to Brown.   Judge Noce also recommended that Brown's request that the case be dismissed for lack of jurisdiction and for failure to comply with the purported "Fair Warning Doctrine" be

3

denied.  The parties were given 14 days to file written objections, and advised that failure to file timely written objection may waive the right to appeal any issue of fact.  Defendant did file any objections to Judge Noce's O&R within the 14-day period.

On March 3, 2023, defense counsel filed a motion for additional time to file pretrial motions, and Judge Noce granted the motion, providing Defendant until June 6, 2023 to file pretrial motions or a waiver of motions.

On April 19, 2023, Brown filed a document styled "Affidavit of Fact Criminal Complaint   Habeas Corpus   To Dismiss for Lack of Territorial Jurisdiction."  (Doc. No. 39).  In this filing, Brown first asserted that Judge Noce committed a fraud upon the Court by issuing an Order and Recommendation on "certain Pro Se motion" because Brown never filed any motions, he only filed "Affidavits of Facts," asserting that as a result Judge Noce lacked jurisdiction and the O&R is a void and a fraud upon the court. Second, he asserted that the AUSA was required to respond to his Affidavit of Fact Habeas Corpus Complaint and related documents.  Finally, Brown contended that Judge Noce committed a fraud by entering a ruling with respect to Mr. Elliott being his Power of Attorney and Next Friend, asserting that such representation was authorized under *Hamdi v. Rumsfeld,* 294 F.3d 598 (4th Cir. 2002).  He also filed an "Affidavit of Fact Rule 60, Relief from a Judgement or Order For Void Judgment and Fraud."  (Doc. No. 40).  In this document, Brown again asserted that Judge Noce's Judgement and Order with respect to Mr. Elliott is Void and a Fraud upon the court, and demanded that the court either require the AUSA to rebut his Affidavits of Fact or order that Brown be

4

released. The clerk's office docketed this latter filing as a Pro Se Objection to Report and Recommendations.

On May 15 and 16, 2023, Brown filed several additional documents with the Court, each styled as an "Affidavit of Fact." The documents were docketed by the clerk of court as motions but also included the balance of the documents' captions in the docket entry. (Doc. Nos. 44-47). In these filings, Brown reasserted many of the same arguments made previously, seeking dismissal for lack of jurisdiction, seeking to declare the O&R void, asserting what he called a criminal complaint habeas corpus for dismissal. (Doc. Nos. 44, 45, 47 and 48). He also filed an "Affidavit of Fact" in which he purports to notice a hearing before the undersigned in order to have the AUSA rebut Brown's various filings. (Doc. No. 46). Brown also filed an Affidavit of Fact stating that he had determined to terminate representation by appointed counsel and to represent himself "Suijuris (not Pro Se)" and directing that appointed counsel take no further action on his behalf. (Doc. No. 49).

By this time, the case had been reassigned to Judge Joseph Dueker for pretrial matters. On May 18, 2023, Judge Dueker entered an Order setting a hearing on Brown's request to terminate legal counsel for May 23, 2023. (Doc. No. 50). Recognizing that at the time the documents were filed by Brown, he was still represented by counsel, and that he had no right to simultaneously proceed *pro se* and with the benefit of counsel, Judge Dueker ordered that he would not consider Brown's most recent filings (Doc. Nos. 39, 44, 45, 46, 47, and 48). To the extent Brown's filings requested relief, the requests were denied. (Doc. No. 51).

5

On May 23, 2023, Judge Dueker held a hearing on Brown's sealed request to represent himself, a portion of which was conducted ex parte, outside the hearing of the AUSA. Judge Dueker found that Brown had adequately waived his right to counsel, and would be permitted to represent himself. In accordance with that proceeding, defense counsel filed a motion to withdraw. The Court granted the motion to withdraw, ordering that Brown shall proceed pro se. At Brown's request, no standby counsel was appointed at that time to assist him in his representation. The Court gave Defendant until June 6, 2023, to file pretrial motions or a waiver of motions. (Doc. No. 54).

On June 1, 2023, Brown filed several documents entitled "Affidavit of Fact," asserting similar arguments and requesting similar relief as in his prior filings. (Doc. Nos. 57-61). On June 6, 2023, Judge Dueker held a status conference at which Brown appeared and was sworn. At that time, Judge Dueker appointed attorney William Marsh as standby counsel for Brown. At the hearing, Brown verbally represented, under oath, that he would not be filing any pretrial motions.

In Orders dated June 6 and June 13, 2023 (Doc. Nos. 64 & 69) Judge Dueker denied the Affidavits of Fact filed by Brown on June 1, 2023 (Doc. Nos. 57-61).[1] Judge Dueker found that the Court had jurisdiction over a violation of federal statute that occurred in the Eastern District of Missouri, and as the Court had authority and jurisdiction in the case, he denied Defendant's various requests for relief. He further

---

[1] In his Order dated June 6, Judge Dueker inadvertently failed to address Brown's last Affidavit of Fact that was docketed as Doc. No. 61. As such, this Court re-referred the matter to Judge Dueker for a determination on that request for relief. By Order dated June 13, 2023, Judge Dueker also denied the Affidavit of Fact docketed as Doc. No. 61.

6

found the Affidavit of Fact docketed as No. 61 was essentially duplicative of Doc. No. 28, previously denied by Judge Noce, other than the fact that the filings were no longer signed by Mr. Elliott as Power of Attorney, and likewise found the filings were not legally cognizable.  (Doc. No. 69).   Defendant was advised that he would have 14 days to file objections to the orders.

On June 21, 2023, a superseding indictment was filed, charging Brown with one count of possessing one or more firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a machine gun, in violation of 18 U.S.C. § 922(o).

On June 28, 2023, Brown filed an "Affidavit of Fact (Not a Motion) To Set Aside and Vacate Order and Judgment for Force, Coercion, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction and Fraud upon the Courts."   (Doc. No. 77).   In this filing, Brown essentially requests that the court set aside Judge Dueker's Order of June 6, 2023.  Among his contentions, Brown asserts Judge Dueker's orders must be set aside because he had no authority to appoint and require Brown to have standby counsel; he entered his orders without requiring the AUSA to rebut his Affidavit of Fact Habeas Corpus challenging the court's jurisdiction and authority; because he has authority only to rule on motions, and Brown filed only Affidavits and not motions; and because the federal criminal statute does not apply to him, as he is not a person under the law.   This Court will treat this filing the same as it would objections to Judge Dueker's June 6 and June 13 Orders denying Brown's June 1, 2023 Affidavits of Fact and requests for relief.

7

On June 28, 2023, Brown also filed three additional Affidavits of Fact, requesting to Suppress Physical Evidence (Doc. No. 78), requesting that Judge Dueker be recused (Doc. No. 79), and requesting that the case be dismissed for failure to prosecute (Doc. No. 80).  Brown also filed an Affidavit of Fact, purporting to set a hearing before the undersigned on his prior Affidavits of Fact filed on June 1, 2023.  (Doc. No. 81).  These filings appear to assert new matters directed to either the initial indictment or superseding indictment, and notwithstanding Brown's demand for a hearing before the undersigned, these matters (Doc. Nos. 78-81) are properly addressed, in the first instance, by Judge Dueker.

Following his arraignment on the superseding indictment, Judge Dueker also issued a new Order Concerning Pretrial Motions, giving the parties until August 1, 2023 to file any pretrial motions. (Doc. No. 82).   Thus, it is possible that Brown or the United States will file additional motions directed to the superseding indictment by that date.

Matters Currently Pending before the District Court

In light of the foregoing, and to assist the case in moving forward more efficiently, I will rule on those matters which appear to be currently before me, which I believe to be the following:

1. The Order and Recommendation of Judge Noce dated January 23, 2023. (Doc. No. 32).

2. The April 19, 2023, "Affidavit of Fact Rule 60, Relief From a Judgement or Order For Void Judgement and Fraud."  (Doc. No. 40).  Though not timely

8

filed, the Court will address the matters raised therein to the extent Brown appears to raise objections to the Order and Recommendation.[2]

3. The Orders dated June 6 and June 13, 2023 (Doc. Nos. 64 & 69), in which Judge Dueker denied the Affidavits of Fact filed by Brown on June 1, 2023 (Doc. Nos. 57-61).

4. The "Affidavit of Fact (Not a Motion) To Set Aside and Vacate Order and Judgment for Force, Coercion, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction and Fraud upon the Courts," filed on June 28, 2023 (Doc. No. 77), to the extent it appears to raise objections to Judge Dueker's Orders of June 6 and 13, 2023.

When a party objects to a Report and Recommendation concerning a a criminal case, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the various requests and demands for relief by Brown.  Based on that review, the undersigned concludes that Magistrate Judge Noce and Magistrate Judge Dueker each properly concluded that Brown was not entitled to the relief requested.   As such, their orders will be adopted, and Brown's Affidavits of Fact will be denied to the extent they seek to challenge or object to those orders.

---

[2] The Court is also considering Doc. No. 39 to the extent it raises what appear to be objections to O&R.

## DISCUSSION

### Order and Recommendation Dated January 23, 2023

After careful review, the Court denies the relief requested by Brown in his Affidavits of Fact filed on January 10, 2023 (Doc. No. 28). As an initial matter, the Court notes that Brown objects because he never filed any "motions," but only filed Affidavits of Fact. The Court will not concern itself with the style or caption of the documents Brown has filed. In his Affidavits of Fact, Brown clearly seeks relief, such as permission to have Mr. Elliott assist him as power of attorney or next friend, dismissal of the claims against him for lack of jurisdiction, or a declaration that an order should be vacated or deemed void. This Court has endeavored to understand and address the relief requested. Based on that review, the Court finds Brown's arguments have no merit and are rejected for the reasons set forth in the O&R. But the Court will address the main challenges raised.

Regardless of whether termed a motion or an Affidavit of Fact, Brown contends that this Court lacks jurisdiction to hold court proceedings and to hear the case asserted against Brown. As discussed in the O&R, Defendant is charged in Count I with violation of a criminal statute passed by Congress, and this Court has jurisdiction over the criminal prosecution pursuant to 18 U.S.C. § 3231. *See, e.g., United States v Pemberton*, 405 F.3d 656, 659 (8th Cir. 2005); *Flanagan v. United States*, 2014 WL 1315230, at *5-6, 4:13CV2090 RWS (E.D. Mo. Mar. 28, 2014) (citing cases including *United States v. Hayes*, 574 F.3d 460, 471 (8th Cir. 2009) and *United States v. Hobbs*, 2012 WL 2458425, No. 4:12CR14AGF(MLM) (E.D. Mo. May 15, 2012)). Brown's various arguments with

10

respect to the status of the United States or his status do not divest this Court of jurisdiction. *See United States v. Hightower*, 2020 WL 1958455, at *3, 4:19 CR 851 SCR/DDN (E.D. Mo. Mar. 25, 2020). The Court further has personal jurisdiction over Defendant.

Brown further asserts that he is entitled to a "Fair Warning Doctrine Notice," and that the case must be dismissed for failure to send such a Notice after the state – which initially arrested Brown – dismissed its charges. As Judge Noce concluded in the O&R, there is no basis for Brown's assertion. The United States has jurisdiction to bring the charges against Brown for his alleged violation of federal statutes. And Brown received the notice required by federal law, at his initial appearance and arraignment.

Brown also challenges Judge Noce's O&R based on his refusal to require the AUSA to respond to the Affidavit of Fact Writ of Habeas Corpus. To the extent Defendant is attempting to assert a writ of habeas corpus related to the instant charges, it has not been properly filed, but more importantly, any such action would be premature. *Wright v. United States District Court of Nebraska*, 2023 WL 2810786, Case No. 8:22CV439 (D. Neb. Apr. 6, 2023) (recognizing claims such as the constitutionality of a defendants arrest and evidence obtained leading up to an arrest "must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available"); *Nettles v. United States*, 2022 WL 4093941, at *3, 4:22-CV-818 SEP (E.D. Mo. Sept. 7, 2022) ("It is well-established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution.") (citing *Jones v. Perkins*, 245 U.S. 390, 391 (1918)). Rather, Brown must first exhaust his remedies in

11

this Court, which can be done through pretrial proceedings, the trial, and any appeal. *Campbell v. Zych*, 2009 WL 377081, at *2, No. 08-14804 (E.D. Mich. Feb. 11, 2009) (recognizing, where petitioner sought release on bail and issues that could be resolved in the pending criminal process, that he must exhaust his claims at trial and on direct appeal before he could maintain a habeas action). Inasmuch as no proper writ of habeas corpus has been filed or could proceed at this stage of the proceedings, there is no basis for the Court to order the AUSA or any other party to answer or respond.

To the extent Brown seeks to vacate or set aside the Judge Noce's order refusing to permit Ricardo Orlando Elliott, Power of Attorney, to represent him, that request is denied for the reasons set forth in the O&R. Brown has not timely objected to Judge Noce's conclusion that Mr. Elliot is not a licensed attorney at law, and even now, does not suggest Elliott is a licensed attorney. Brown cites *Hamdi v. Rumsfeld*, 294 F.3d 598 (4th Cir. 2002) as the basis for his request for either relief from Judge Noce's Order or a declaration that it is void. But *Hamdi* has no application here. First, *Hamdi* and related cases rely on 28 U.S.C. § 2242, which permits the filing of a habeas petition by the person seeking relief "or someone acting in his behalf." *Id.* at 603; *see also Padilla v. Rumsfeld*, 352 F.3d 695, 703 (2d Cir. 2003). But as set forth above, Brown has not properly filed a writ of habeas corpus here, and any such action would not be cognizable at this stage.

Moreover, Hamdi was not an individual simply charged with a federal crime; he was a military detainee who was captured as an alleged enemy combatant during ongoing military operations in Afghanistan. The case involved efforts by the Federal Public

Defender to file a writ of habeas corpus as "next friend," due to the fact that Hamdi was not permitted to have contact with others or access to the courts. The court there recognized that "next friend standing" is "strictly limited," and requires two prerequisites. The first requires the "next friend" to "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 603 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). The second requires that the "next friend" have "some significant relationship with the real party in interest." *Id.* The court found that while Hamdi's father might meet this second prong, the Federal Public Defender did not have the requisite preexisting relationship, notwithstanding how dedicated he might be to furthering Hamdi's interests. *Id.* at 604, 606. Brown has not shown that Mr. Elliott has the necessary preexisting relationship with him to meet this second prerequisite. But even if he could make such a showing, he cannot meet the first prerequisite. He cannot show that he is inaccessible, incompetent or suffers from a disability that prevents him from appearing on his own behalf in this action. Indeed, if Brown were inaccessible within the meaning of *Hamdi*, the Court could not allow him to represent himself in this matter.

It appears that what Brown really seeks is to represent himself and also have Mr. Elliott appear in court and assist him, in a manner similar to that of an attorney. As explained in the O&R, this is not permitted under the rules. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Correctional Medical Services,*

13

*Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney . . . may not engage in the practice of law on behalf of others").

For these reasons and the reasons stated in the O&R, Brown's arguments raised in his January 10, 2023, filing (Doc. No. 28), are rejected, and his challenges (or objections) to the O&R (Doc. No. 40), are denied.

### Orders Dated June 6 and June 13, 2023

In documents filed on June 1, 2023 (Doc. Nos. 57-61), Brown primarily makes the same arguments he asserted in his prior Affidavits of Fact or challenges to Judge Noce's O&R, and those arguments are rejected for the reasons set forth above.  To the extent he challenges his charge as beyond the scope of the Commerce Clause, the courts have repeatedly recognized that Congress did not exceed its authority under the Commerce Clause when enacting the statutes prohibiting being a felon in possession of firearms or ammunition.  *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011).  His related demands for a showing of jurisdiction therefore also fail.  Brown's assertion that the United States has jurisdiction only outside the boundaries of lands belonging to the 50 states also has no merit and has been rejected.  *Sills v. United* States, 2017 WL 2857082, at *1-2, No. 2:03cr148 (E.D. Va. Feb. 28, 2017).  As such, the Court agrees with Judge Dueker's June 6 and June 13 Orders for these reasons and the reasons stated therein and in the O&R.

Brown's challenges to Judge Dueker's Orders denying his June 1, 2023 arguments also have no merit.  (Doc. No. 77).  His arguments in paragraphs 2 and 3 of Doc. No. 77 repeat previous arguments, and are rejected for the reasons stated above.  In paragraph 1

14

of Doc. No. 77, Brown asserts that Judge Dueker had no authority to appoint William Marsh as standby counsel and that such appointment violates his constitutional rights under the fourth, fifth, sixth and fourteenth amendments.  However, the Supreme Court has clearly recognized that a defendant's constitutional rights are not violated when a trial judge appoints standby counsel, even over a defendant's objections.  *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984); *Faretta v. Cal.*, 422 U.S. 806, 834 n.46 (1985).  The appointment of standby counsel is within the trial court's discretion.  *United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996) (recognizing discretion of court to appoint standby counsel, even though the court appointed standby counsel in whom defendant had lost trust).[3]

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Recommendation Regarding Certain *Pro Se* Motions [Doc. No. 32] is **SUSTAINED, ADOPTED, AND INCORPORATED**, and Defendant's challenges and objections thereto are overruled.

**IT IS FURTHER ORDERED** that Judge Dueker's Orders Regarding *Pro Se* Correspondence [Doc. Nos. 64 & 69] are **SUSTAINED AND ADOPTED**, and Defendant's challenges and objections thereto are overruled.

**IT IS FURTHER ORDERED** that Defendant's documents filed as Doc. Nos. 28, 40, 57-61 and 77, to the extent they request relief, are **DENIED**.

---

[3] William Marsh is an experienced defense attorney, and the Court hopes Brown will choose to consult with him.

The case remains before Judge Dueker for further pretrial proceedings, including any ruling on Doc. Nos. 78-81, and proceedings with respect to any further pretrial motions that may be filed in response to Judge Dueker's most recent pretrial order.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2023.