RECEIVED

AUG 09 2023

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

Tevin Damyron Brown, Suijuris
Non-Corporate Entity
               Plaintiffs,

VS

Case No: 4:22CR568AGF(JSD)
U.S. DISTRICT JUDGE
AUDRY G. FLEISSIG
AUGUST 4, 2023

UNITED STATES OF AMERICA
UNITED STATES DISTRICT JUDGE
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE
JOSEPH S. DUEKER
U.S. ASSISTANT ATTORNEY
NAUMAN WADALA WALA# 65252MO
FICTITIOUS FOREIGN STATE
               Defendants,

## AFFIDAVIT OF FACT
## (NOT A MOTION)

### TO DISMISS CASE FOR LACK OF PERSONAM JURISDICTION, LACK OF SUBJECT MATTER JURISDICTION, LACK OF TERRITORIAL JURISDICTION, IMPROPER VENUE, AND VOID JUDGMENT

I am Plaintiff, Tevin Damyron Brown, Suijuris, (not Pro Se), before this court by Special Appearance without waving any Rights, or Defenses, Statutory or Procedural.

COMES NOW, the Plaintiff Tevin Damyron Brown, Suijuris, and respectfully Requests and Demands that this court Dismiss Plaintiff, Tevin Damyron Brown, Suijuris' Criminal Complaint

for Lack of Personam Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Venue, and Void Judgment.

FACTS

1. Plaintiff Tevin Damyron Brown, Suijuris) Requests and Demands for UNITED STATES OF AMERICA to Dismiss Plaintiff Case # 4:22CR568AGF(JSD) for Lack of Personam Jurisdiction for these reasons: (A) No petition in the record of the case, (Brown V. VanKeuren., (B) Defective petition filed, (Brown V. VanKeuren). (C) Unlawful activity of a Judge, Code of Judicial Conduct, (D) Service of process was not made pursuant to statute and Supreme Court Rules, (Janove V. Bacon) (E) The warrant was not properly issued. (F) Plaintiff is not the defendant, individual, or person, under 1048 definition person is defined in 18 U.S.C. Section 2510(6) to mean any individual person as well as natural and legal entities. It specifically includes UNITED STATES and STATE AGENTS. (G) Plaintiff hasn't given oral or written consent of jurisdiction over Plaintiff, Tevin Damyron Brown, Suijuris.

2. Plaintiff, Tevin Damyron Brown, Suijuris Requests and Demands for UNITED STATES OF AMERICA TO DISMISS Plaintiff Case # 4:22CR568AGF(JSD), for Lack of Subject Matter Jurisdiction for these reasons: (A) The complaint states no cognizable cause of action against that party. (Charles V. Gore), (B) The statute is vague, (People V. Williams), (C) Proper notice wasn't given to all parties by the movant, (Wilson V. Moore). (D) Plaintiff order/judgment is based on a void order/judgment, (Austin V. Smith); (English V. English).(E) Plaintiff warrant was not properly issued. (F) U.S. ASSISTANT ATTORNEY NAUMAN WADALA WALA has no justiciable issue is presented to the court through proper pleadings, (Ligon V. Williams) (1st Dist. 1994). (G) Once challenged, jurisdiction cannot be assumed, it must be proved to exist. (Stuck V. Medical Examiners). (H) Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should Dismiss the Action (Melo V. US). (I) the law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings, (Hagans V. Lavine) (J) Plaintiff complaint lacks a plain statement on the grounds upon which the courts' Jurisdiction depends Fed. R. Civ. P.12(b). (K) Plaintiff record fails to state basis for Federal Subject Matter Jurisdiction (whether it's during trial or on appeal) the claim must be dismissed. (L) Defect of Lack of Subject Matter Jurisdiction cannot be waived by any party and the court is required to dismiss the action whenever it appears by suggestion of the parties or otherwise that the court Lacks Jurisdiction on Subject

Matter, Fed. R. Civ. P. 12(H), (M) Under the 5th Amendment of the Constitution states, No person shall be held to answer for a capital, or otherwise infamous crime unless on a presentment or indictment of a Grand Jury, the UNITED STATES OF AMERICA Lack of Subject Matter Jurisdiction because under the (1048 definition of Person) is defined in 18 U.S.C. Section 2510(6) to mean any individual person as well as natural and legal entities. It specifically includes UNITED STATES and STATE AGENTS. (N) Plaintiff Tevin Damyron Brown, Suijuris; complaint did not show what Federal Court's Exclusive Jurisdiction that the court had on the Plaintiff Tevin Damyron Brown, Suijuris. Because Federal courts only have Exclusive Jurisdiction over (1) Bankruptcy proceedings, (2) Patent and copyrights cases, (3) Actions against foreign consuls and vice-consuls, (4) Admiralty and maritime cases, (5) Anti-trust cases, (6) Cases under the Securities Exchange Act, (7) Foreign State, and (8) Actions where the United States is a party, none of these eight exclusive Jurisdictions apply to Plaintiff Tevin Damyron Brown, Suijuris (O) The indictment that was filed on October 19, 2022 had defects in the indictment, it wasn't signed by the Foreperson and the Assistant United States Attorney Nauman Wadala Wala#65252MO, (Exhibit E.) The indictment fails to charge an offense, cause of insufficient evidence of interstate commerce. There's no evidence that Plaintiff Tevin Damyron Brown, Suijuris was a person under Title 18 U.S.C. Section 2510(6) traveling state to state with a firearm under Interstate Commerce, so the Federal Court lacks Territorial Jurisdiction. (P) The pleadings lack authenticated evidence, and a competent fact witness, the question is incomplete. You cannot cross examine a document, someone must be there to testify to the document.

3. Plaintiff, Tevin Damyron Brown, Suijuris (Not Pro Se) Requests and Demands for UNITED STATES OF AMERICA to Dismiss Plaintiff Case# 4:22CR568AGF(JSD), for Lack of Territorial Jurisdiction for these reasons (A) Lack of Jurisdiction Element. The evidence was Insufficient to support a Jurisdictional Element, (United States V. Guess), (Post Bailey V. United States), which changed the understanding of the term "use" of a firearm under 18 U.S.C. Section 924(c)(1), there was insufficient evidence to support Plaintiff's "use" of a firearm, Jurisdiction lost. (B) Federal Courts only have Subject Matter Jurisdiction to hear cases if the parties have diverse citizenship or the issue arises under Federal Law. These two types of Federal Subject Matter Jurisdiction are called diversity jurisdiction and question jurisdiction. (C) The United States of America Lack Territorial Jurisdiction because Plaintiff Tevin Damyron Brown, Suijuris is not a person under Title 18 U.S.C. Section 2510(6), a legal entity, United States, or state agent, so the Federal Court Lack Territorial Jurisdiction over Plaintiff Tevin Damyron Brown Suijuris, because it violates due process of the Fifth Admendment of the Constitution.

4. Plaintiff Tevin Damyron Brown, Suijuris Requests and Demands for the United States of America to Dismiss Plaintiff Case#4:22CR568AGF(JSD), for Improper Venue for these

reason: (A) Plaintiff Tevin Damyron Brown Suijuris, is not the defendant and not a person define in Title 18 U.S.C. Section 2510(6) as an individual, legal entity, corporation, associate firm, state agent or the United States. (B) There's no evidence in the record that Plaintiff Tevin Damyron Brown, Suijuris was violating interstate commerce in the United States of America complaint. (C) There's no evidence in the record that the Federal Government owned 4030 Page Street, (D) Plaintiff Tevin Damyron Brown, Suijuris, venue is improper because there's no relationship to the parties or the claims in the case. There's no proper venue in the U.S., Plaintiff Tevin Damyron Brown, Suijuris Requests and Demands for the court to dismiss the Case under the Doctrine of Forum Non Conveniens. (E) Plaintiff Tevin Damyron Brown, Suijuris case should be dismiss because the statutory and the Constitution don't apply to the Plaintiff because he's not a person under the legal terms.

5. Plaintiff Tevin Damyron Brown, Suijuris Requests and Demands for the United States of America to Dismiss Plaintiff Case# 4:22CR568AGF(JSD) for Void Judgment for these reasons: (A) The United States of America Magistrate Judge Joseph S. Dueker and Magistrate Judge David D. Noce Judgment on denying Plaintiff Tevin Damyron Brown, Suijuris affidavit of Facts in the courts records is a Void Judgment because of Lack of Personam Jurisiction, Lack of Subject Matter Jurisdiction and Entry of Order violated Due Process, U.S.C. A.Const. Amendment 5 – (Triad Energy Corp. V. Mc Nell) (B) The United States of America Magistrate Judge, Joseph S. Dueker and Magistrate Judge David D. Noce Judgment is a void judgment because the court that rendered judgment Lacked Jurisdiction of the Subject Matter of the parties and acted in a manner inconsistent with Due Process, Fed Civ. Proc., Rule 60(b)(4), 28 U.S.C. A., U.S.C. A. Const. Amend.5- (Klugh V. U.S.) The United States of America Complaint is a Void Judgment, because it contains Jurisdictional defects in the complaint, indictment, and arrest warrant and it also lacks Subject Matter Jurisdiction, Personam Jurisdiction, Territorial Jurisdiction, Improper Venue, and Delegation of Authority Order as proof of jurisdiction. Plaintiff Tevin Damyron Brown, Suijuris Requests and Demands for dismissal under Fed. R. Civ. P. 12(b)(1)(c). The United States of America and the U.S. Assistant Attorney, Nauman Wadala Wala don't have anything written in the courts of records proving Subject Matter Jurisdiction over Plaintiff Tevin Damyron Brown, Suijuris so that makes the court lack Subject Matter Jurisdiction and makes the MAGISTRATE JUDGE JOSEPH S. DUEKER AND DAVID D. NOCE Judgment and Order a Void Judgment and Fraud upon the court. In re Village of Willowbrook, 37 111. App.3d393(1962).

WHEREFORE, Plaintiff Tevin Damyron Brown, Suijuris Requests and Demands that the UNITED STATES OF AMERICA and U.S. ASSISTANT ATTORNEY NAUMAN WADALA WALA Dismiss Plaintiff Tevin Damyron Brown, Suijuris' case with prejudice for Lack of Personam Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Venue, and Void Judgment, for Violating Plaintiff Tevin Damyron Brown, Suijuris' Constitutional Rights that are protected by the 4th Amendment, 5th Amendment, 6th Amendment, 14th Amendment of the Constitution and Lack of Due Process of Law.

Respectfully Submitted,

*Tevin Damyron Brown*
Tevin Damyron Brown, Plaintiff, Suijuris

(CERTIFICATE OF SERVICE)

UNDER PENALTY OF PERJURY, I CERTIFY, that a copy of the foregoing was provided by certified mail to UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI, 111 South 10th Street Saint Louis, Missouri 63102, U.S. ASSISTANT ATTORNEY NAUMAN WADALA WALA# 65252MO, 111 South 10th Street, 20th Floor, Saint Louis, Missouri, 63102 this __8th__ day of __August__ 2023.

Respectfully Submitted,

*Tevin Damyron Brown*
Tevin Damyron Brown, Plaintiff, Suijuris
c/o 4250 Miami Apartment #2B
Saint Louis, Missouri State Republic
Non-Domestic
[Zip Code Exempt]
(573) 900-1273

STATE OF MISSOURI
CITY OF SAINT LOUIS

Before me personally appeared Tevin Damyron Brown, Suijuris, who being affirmed and identified with presence this __8__ day of __August__ 2023.

_____
Notary Public

STEFAN C. WEST
Notary Public - Notary Seal
STATE OF MISSOURI
Comm. Number 16804409
City of St. Louis
My Commission Expires: Aug. 18, 2024

My Commission Expires: Aug 18 2024

Exhibit F

FILED
OCT 19 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
        Plaintiff, )
         )
v. ) **4:22CR568 AGF/DDN**
         )
TEVIN DAMYRON BROWN, )
        Defendant. )

## INDICTMENT

### COUNT I

The Grand Jury charges that:

On or about August 8, 2022, in the City of St. Louis, within the Eastern District of Missouri,

**TEVIN DAMYRON BROWN,**

the Defendant herein, knowingly possessed a firearm, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in Defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1) and punishable under Title 18, United States Code Section 924(a)(2).

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United

1

States Code, Section 922(g)(1) as set forth in Count I, the defendant shall forfeit to the United States of America any firearm or ammunition involved in or used in said violation.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
NAUMAN WADALAWALA, #65252MO
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
OCT 19 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )  **4:22CR568 AGF/DDN**
)
)
TEVIN DAMYRON BROWN, )
)
Defendant. )

GREGORY J. LINHARES, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _____
DEPUTY CLERK

**INDICTMENT**

**COUNT I**

The Grand Jury charges that:

On or about August 8, 2022, in the City of St. Louis, within the Eastern District of Missouri,

**TEVIN DAMYRON BROWN,**

the Defendant herein, knowingly possessed a firearm, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in Defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1) and punishable under Title 18, United States Code Section 924(a)(2).

**FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United

1

States Code, Section 922(g)(1) as set forth in Count I, the defendant shall forfeit to the United States of America any firearm or ammunition involved in or used in said violation.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
NAUMAN WADALAWALA, #65252MO
Assistant United States Attorney