UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22 CR 568 AGF/JSD |
| | ) | |
| TEVIN DAMYRON BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant's "Affidavit of Fact (Not a Motion) Affidavit of Fact Suppression Physical Evidence" (ECF No. 78); "Affidavit of Fact Not a Motion Request and Demand Recuse Judge" (ECF No. 79); "Affidavit of Fact to Dismiss for Failure to Prosecute (Not a Motion)" (ECF No. 80); "Affidavit of Fact Not a Motion Notice of Hearing" (ECF No. 81)[1]; and, "Affidavit of Fact (Not a Motion) to Dismiss for Lack of Personam [sic] Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Judgment, and Void Judgment" (ECF No. 89).[2]  For its part, the government opposes these motions.  Notably, pretrial motions were referred to the undersigned United States Magistrate Judge.  *See* 28 U.S.C. § 636(b).

---

[1] The Court interprets Defendant's "Affidavit of Fact Not a Motion Notice of Hearing" (ECF No. 81) as a Motion for Hearing on Defendant's pending Motions.  On August 30, 2023, the Court held an evidentiary hearing on Defendant's Motion to Suppress (ECF No. 78) and provided the parties an opportunity to be heard on all pending Motions.  Therefore, the Court recommends the District Court deny Defendant's "Affidavit of Fact Not a Motion Notice of Hearing" (ECF No. 81) as moot.

[2] Although all these filings are labeled as "Not a Motion", the Court construes them all as motions, given that they are requesting relief from the Court. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.").

1

For the reasons stated herein, the Court recommends that the District Court deny all of Defendant's pending motions.

## PROCEDURAL BACKGROUND

On June 21, 2023, a federal grand jury issued a Superseding Indictment against Defendant for being a felon in possession of a firearm and ammunition, and for being in possession of a machine gun. (Superseding Indictment, ECF Nos. 70, 71)

On June 28, 2023, Defendant filed "Affidavit of Fact (Not a Motion) Affidavit of Fact Suppress Physical Evidence" (ECF No. 78), "Affidavit of Fact Not a Motion Request and Demand Recuse Judge" (ECF No. 79), "Affidavit of Fact to Dismiss For Failure to Prosecute (Not a Motion)" (ECF No. 80), "Affidavit of Fact Not a Motion Notice of Hearing" (ECF No. 81). On June 29, 2023 this Court issued its Order concerning Pretrial Motions (ECF No. 82).  During the June 29, 2023 arraignment and conference with the Court, Defendant failed to articulate a proper oral request for a hearing as to the aforementioned filings ECF Nos. 78 – 81.  Likewise, in the Notice of Hearing (ECF No. 81), Defendant "[d]emands a hearing" as to several documents, but none of which are the four documents (ECF Nos. 78-81) still at issue in this case. Rather, the Notice of Hearing appears to relate only to Affidavits/Motions for which District Judge Audrey G. Fleissig has adopted the Magistrate Judge's Orders and Recommendations. (ECF No. 86).

Defendant further stated in Court that he would not submit any other filings. Nevertheless, out of an abundance of caution, and although Defendant also clearly stated that "everything you need is in my paperwork," the Court set an evidentiary hearing for August 30, 2023, regarding Defendant's pro se filings, particularly the "Suppression of Physical Evidence" filing.  Thereafter, on August 9, 2023, Defendant filed an "Affidavit of Fact (Not a Motion) to Dismiss Case for Lack

of Personam [sic] Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Venue, and Void Judgment" (ECF No. 89).  The Court clarified at the August 30, 2023 hearing that it was considering all of Defendant's pending pro se motions (ECF Nos. 78, 79, 80, 81, 89).

## FACTUAL BACKGROUND

On August 8, 2022, St. Louis Metropolitan Police Department officers David Loyola-Garcia and his partner David Goldschmidt were on patrol in their police car in the 4400 block of Kennerly, a "well-known drug area," when they observed Defendant sitting by a white 2017 GMC Sierra with a license plate that said, "THKJSS," which they interpreted to mean, "Thank Jesus." After they ran a record check of the plate and learned that the Sierra was stolen, they turned on their emergency lights and sirens and attempted to initiate a traffic stop. However, the Sierra drove off and failed to pull over as the officers followed closely and then at a distance.  Eventually, the officers lost sight of the vehicle, turned off their lights and sirens, and discontinued their pursuit pursuant to department policy.

Later, while on patrol and traveling southbound on North Sarah Street, the officers observed a cloud of smoke and several vehicles stalled in the middle of Page Boulevard just south of Dr. Martin Luther King Boulevard.  They also observed that same white Sierra, which appeared to have crashed and was now resting on a fence in the parking lot of a building just east of Page Boulevard and Sarah Street. As they drove into the parking lot, the officers observed Defendant and another suspect exit the vehicle and flee on foot.  When the officers saw Defendant run behind the building, Officer Loyola-Garcia gave chase around the front of the building.  As Officer Loyola-Garcia was coming around the building, he observed Defendant toss several items over a

3

nearby fence before he apprehended and arrested him.    During a canvass of the area where Defendant was seen discarding the items, officers found two handguns, one of which contained an automatic switch that transformed the firearm from a semi-automatic firearm to a full-automatic firearm. During the search incident to his arrest, officers discovered a .40 caliber magazine containing 14 live cartridges, which matched one of the discarded firearms, in Defendant's right cargo pants pocket.

## DISCUSSION

I.    **"Affidavit of Fact Not a Motion Request and Demand Recuse Judge" (ECF No. 79); "Affidavit of Fact to Dismiss for Failure to Prosecute (Not a Motion)" (ECF No. 80); "Affidavit of Fact (Not a Motion) to Dismiss for Lack of Personam Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Judgment, and Void Judgment (ECF No. 89)**

A.    **Affidavit of Fact Not a Motion Request and Demand Recuse Judge (ECF No. 79)**

In his Affidavit of Fact Not a Motion Request and Demand Recuse Judge, Defendant briefly argues that the undersigned "Judge has in the past deliberately violated other litigant's personal liberties and/or has wantonly refused to provide due process and equal protection to all litigants before the court has believed [sic] in a matter [sic] inconsistent with that which is needed for full, fair, impartial hearings." (ECF No. 79 at 2).

The Court finds that Defendant has not identified a reason for disqualification of the undersigned under 28 U.S.C. §455.  That is, Defendant has not provided a basis for finding that the undersigned's "impartiality might reasonably be questioned."  28 U.S.C. §455(a).  Further, Defendant has not demonstrated that the undersigned has personal knowledge of the facts of the alleged crime, participated as a counsel, advisor or material witness, has expressed an opinion

regarding the merits of this case, or has any financial interest in the outcome of this case.  28 U.S.C. §455(b), (c).  Indeed, Defendant makes broad statements that this Court has not provided full, fair, and impartial hearings, yet Defendant has been offered an opportunity to be heard on all his motions, including the evidentiary hearing on August 30, 2023.  In light of the foregoing, the Court recommends that the District Court deny Defendant's Affidavit of Fact Not a Motion Request and Demand Recuse Judge (ECF No. 79).

**B.    Affidavit of Fact to Dismiss for Failure to Prosecute (Not a Motion)" (ECF No. 80)**

In this Affidavit of Fact to Dismiss for Failure to Prosecute, Defendant states that "[t]he Plaintiff and Defendant in a civil or criminal action has an affirmative duty to prosecute his or her case." (ECF No. 80 at 2).  Defendant claims that "[t]he STATE of Missouri['s] Failure to prosecute is grounds for dismissal." (*Id*.)  Finally, Defendant states that "[i]mplicit in the duty to prosecute is a duty to keep the court apprised of one's mailing address." (*Id*.)

Initially, Defendant presents only conclusory statements that the government (mistakenly referred to as the State of Missouri) has not prosecuted this case and not provided an updated mailing address.  Defendant has provided no basis for this Motion and the record indicates that the government has complied with its notice, discovery, and prosecutorial obligations. Further, there is no evidence that the government violated the right to a trial within seventy days from the filing of the indictment under The Speedy Trial Act, 18 U.S.C. §3161. Any perceived delays in this case have resulted from the adjudication of Defendant's pretrial motions, which toll the 70-day period. 18 U.S.C. §3161(h)(1). Indeed, The Speedy Trial Act takes exception to delays resulting from pretrial proceedings concerning the defendant, such as Defendant's instant pretrial motions.  As a

5

result, the Court recommends that Defendant's Motion to Dismiss for Failure to Prosecute be denied.

> **C.    Affidavit of Fact (Not a Motion) to Dismiss for Lack of Personam Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Judgment, and Void Judgment (ECF No. 89)**

In this Affidavit, which the Court construes as a motion, Defendant asks this Court to dismiss this action due to lack of personal jurisdiction, subject matter jurisdiction, territorial jurisdiction, improper judgment and void judgment.  (ECF No. 89)

The Court notes that District Judge Fleissig recently entered "Order Adopting Magistrate Judge Orders and Recommendations." (ECF No. 86).  Therein, Judge Fleissig found that this Court has personal jurisdiction and subject matter jurisdiction. *See* ECF No. 86 at 10-11 ("Defendant is charged in Count I with violation of a criminal statute passed by Congress, and this Court has jurisdiction over the criminal prosecution pursuant to 18 U.S.C. § 3231").  Therefore, this Court's jurisdiction is not subject to reconsideration pursuant to Defendant's Affidavit of Fact (Not a Motion) to Dismiss for Lack of Personam Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Judgment, and Void Judgment (ECF No. 89).

Even if the Court were to consider Defendant's instant Motion, it still fails based upon the evidence before the Court.  On August 30, 2023, the Court held a hearing on Defendant's pending motions.  The government presented evidence in support of venue in this District.  Specifically, the government's witness, Police Officer David Loyola-Garcia, testified that he observed Defendant exit and run from a stolen vehicle after it had crashed.  He saw Defendant throw objects, later discovered to be firearms, over a nearby fence.  In addition, Police Officer Loyola-Garcia stated that officers found ammunition in Defendant's pants pocket during a search incident to his

arrest. The crash of the vehicle, pursuit of Defendant, the search of Defendant, the recovery of the firearms, and arrest of Defendant all occurred within the Eastern District of Missouri.  Thus, the Court finds that venue is proper in the Eastern District of Missouri.

As to jurisdiction, Defendant was a convicted felon at the time of the instant offense and found in possession of ammunition on his person. He was also seen discarding several items (including at least one firearm) prior to his arrest. Additionally, the ammunition found in Defendant's pocket matched the firearm that was discarded and retrieved by law enforcement officers. Defendant is charged with violations of 18 U.S.C. §922(g)(1), (o). (ECF No. 70).  Given that he is charged with violations of federal law, federal district courts possess original jurisdiction over these offenses.  "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *United States v. Hayes,* 574 F.3d 460, 471 (8th Cir.2009); *Flanagan v. United States*, No. 4:13-CV-2090-RWS, 2014 WL 1315230, at *5 (E.D. Mo. Mar. 28, 2014).

Accordingly, the Court recommends that the District Court deny Defendant's Affidavit of Fact (Not a Motion) to Dismiss for Lack of Personam Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Judgment, and Void Judgment (ECF No. 89).

## II.    "Affidavit of Fact (Not a Motion) Affidavit of Fact Suppress Physical Evidence" (ECF No. 78)

In his "Affidavit of Fact (Not a Motion) Affidavit of Fact Suppress Physical Evidence," Defendant seeks the suppression of "two weapons and the Grand Jury Indictment." (ECF No. 78 at 1). Having been provided with redacted versions, Defendant claims that the "3 Arrest Warrants" were "invalid" because they are unsigned do not have the seal of the United States. (ECF No. 78

at 2). Likewise, Defendant states that the Grand Jury Indictment should be suppressed because it does not show the Deputy Clerk signature, the seal of the United States Court, or the signatures of the foreperson and the Assistant U.S. Attorney. (ECF No. 78 at 2-3).  Defendant further argues that his Fourth Amendment Constitutional Right was violated by "pulling [him] over without Probable Cause of a Complaint, Affidavit of Fact sworn under Penalty and Perjury, with an arrest warrant sign[ed] by a Prosecutor or Magistrate Judge."  (ECF No. 78 at 2).  Defendant claims that the evidence against him was obtained as the "result of an unlawful and warrantless search in seizure . . . and an unlawful 'stop and frisk'".  (ECF No. 78 at 3).

Initially, the Court holds that the Superseding Indictment is sufficient under the law.  "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993) (citing *United States v. Young,* 618 F.2d 1281, 1286 (8th Cir.), *cert. denied,* 449 U.S. 844 (1980)). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Id.*  Here, the Superseding Indictment adequately describes where the incident occurred and what laws were allegedly violated through Defendant's possession of firearms and ammunition.  To be sure, the language of Counts One and Two track the language of 18 U.S.C. §922(g) and §922(o).

Furthermore, there is no basis for suppression of the Superseding Indictment, to the extent that such a remedy is available.  Although Defendant claims that the prosecutor altered the indictment that was presented to the Grand Jury, the Court notes that the redaction of the name of

8

the foreperson and the Assistant U.S. Attorney on the Superseding Indictment that is available to the public does not invalidate the document. Indeed, an unredacted version remains in the Court record. (ECF Nos. 70, 71). Thus, the Court recommends that the Motion to Suppress the Grand Jury Indictment be denied.

Additionally, the evidence presented demonstrates that the arrest and ultimate search of Defendant was lawful as a search incident to arrest. Indeed, "[a] warrantless arrest by law enforcement is reasonable where there is probable cause to believe that someone has committed or is committing a crime." United *States v. Winarske*, 715 F.3d 1063, 1066 (8th Cir. 2013) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004)). "Probable cause [to arrest] exists when the facts and circumstances within an officer's knowledge are sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime." *Galarnyk v. Fraser*, 687 F.3d 1070, 1074 (8th Cir. 2012). To determine whether an officer had probable cause to arrest an individual, the courts examine "the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003); *United States v. Brooks*, 389 F. Supp. 3d 619, 628 (W.D. Mo. 2019), *aff'd*, 982 F.3d 1177 (8th Cir. 2020).

Moreover, even prior to making an arrest, when an officer observes an individual's conduct that leads him to have a "reasonable suspicion" or "articulable suspicion" that criminal activity may be afoot, the officer may stop that individual, identify himself as a police officer and make reasonable inquiries. *See U.S. v. Sokolow*, 490 U. S. 1, 7 (1989). In the context of a stop or attempted stop for a purported traffic violation, like the situation herein, the stop is a reasonable

9

seizure if it is supported by reasonable suspicion of criminal activity. *United States v. Brown*, 60 F.4th 1179, 1182 (8th Cir. 2023) citing *United States v. Allen*, 43 F.4th 901, 907 (8th Cir. 2022). In determining whether an officer had reasonable suspicion, courts must look to the totality of circumstances. *Kansas v. Glover*, 589 U.S----, 140 S. Ct. 1183, 1187 (2020).

Here, the government presented the testimony of Officer Loyola-Garcia, as well as his body camera footage (Exhibit 1, ECF No. 96), demonstrating that there was not only reasonable suspicion to stop Defendant but also probable cause to arrest him. Initially, Officer Loyola-Garcia testified that officers conducted a record check of the license plate of the Sierra, which was located in a "high drug area," and learned that it was stolen. Unquestionably, under the totality of circumstances, Officer Loyola-Garcia had articulable, reasonable suspicion that criminal activity may be afoot when he learned that the vehicle was stolen and was now in a "high drug area." Consequently, he could lawfully approach and conduct a traffic stop, identify himself as a police officer, and make reasonable inquiries about the stolen vehicle. Indeed, courts have found that officers may properly check vehicle license plates and thereafter make a traffic stop if they discover a violation. *See United States v. James*, 52 F.4th 1035, 1037-38 (8th Cir. 2022) (stolen vehicle); *see also Glover*, 140 S. Ct. 1191 (license); *United States v. McLemore*, 8876 F.3d 861, 864-65 (8th Cir. 2018) (registration); *United States v. Knotts*, 460 U.S. 276, 281 (1983) ("A person travelling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another"); *United States v. Walraven*, 892 F.2d 972, 974 (10th Cir. 1989) (citing *United States v. Matthews,* 615 F.2d 1279, 1285 (10th Cir.1980)) ("Moreover, because they are in plain view, no privacy interest exists in license plates"); *United States v. Ellison*, 462 F.3d 557, 563 (6th Cir. 2006) ("[S]o long as the officer had a right to be in a position

to observe the defendant's license plate, any such observation and corresponding use of the information on the plate does not violate the Fourth Amendment").

More to it, Defendant's actions after Officer Loyola-Garcia's approach and pursuit for the traffic stop, such as his reckless flight and commission of several traffic violations in the context of the officer's information that his vehicle is stolen, transcended from reasonable suspicion to simply stop Defendant and amounted to probable cause for Officer Loyola-Garcia to arrest him. To be sure, these facts would have given "an objectively reasonable police office reason to believe that the driver … may have been in the process of committing or had already committed the crime of stealing a car." *See United States v. Brooks*, 389 F. Supp. 3d 619, 626 (W.D. Mo. 2019), *aff'd*, 982 F.3d 1177 (8th Cir. 2020); *see also Whren v. United States*, 517 U.S. 806, 819 (1996) (officers had probable cause to believe that petitioners had violated the traffic code, which rendered the stop reasonable under the Fourth Amendment). In contrast, Defendant presents no evidence that the vehicle he was operating was not stolen or that he had not committed any traffic violations. Consequently, based upon these undisputed factual circumstances, the Court finds that the police officers had probable cause to conduct a warrantless arrest of Defendant.

Following this lawful custodial arrest, the officers were permitted to properly search Defendant incident to arrest and find the ammunition in Defendant's pants pocket. *United States v. Robinson*, 414 U.S. 218, 235 (1973); *Riley v. California*, 573 U.S. 373, 384, (2014) (a search of the arrestee's person incident to arrest does not require additional justification). Undeniably, it is a well-settled exception to the warrant requirement that incident to a valid arrest, police may search the person of the arrestee and the area within his immediate control. See *Illinois v. Lafayette*, 462 U.S. 640, 102 S.Ct. 2605, 77 L.Ed. 65 (1983). Therefore, the Court recommends that Defendant's

11

Motion to Suppress be denied because the search and recovery of the ammunition in Defendant's pants pocket, as well as the search and recovery of the two (2) firearms seized from an area where Defendant had tossed them, was constitutional as a search incident to arrest.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's "Affidavit of Fact (Not a Motion) Affidavit of Fact Suppression Physical Evidence" (ECF No. 78); "Affidavit of Fact Not a Motion Request and Demand Recuse Judge" (ECF No. 79); "Affidavit of Fact to Dismiss for Failure to Prosecute (Not a Motion)" (ECF No. 80); "Affidavit of Fact Not a Motion Notice of Hearing" (ECF No. 81); "Affidavit of Fact (Not a Motion) to Dismiss for Lack of Personam [sic] Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Judgment, and Void Judgment" (ECF No. 89) be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to the foregoing Report and Recommendation unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by a District Court Judge.  *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *see also* 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

Pretrial proceedings in this matter have concluded.  This matter will be set for trial by further order of the court, before the Honorable Audrey Fleissig, United States District Judge.  Dated this 19th day of September, 2023.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

12