UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. S1-4:22CR00568AGF |
| | ) | |
| TEVIN DAMYRON BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THIRD REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Tevin Damyron Brown's most recent

pretrial requests for relief/motions, styled:   "Affidavit of Fact (Not a Motion) Affidavit

of Fact Suppression Physical Evidence" (Doc. No. 78); "Affidavit of Fact Not a Motion

Request and Demand Recuse Judge" (Doc. No. 79); "Affidavit of Fact to Dismiss for

Failure to Prosecute (Not a Motion)" (Doc. No. 80); "Affidavit of Fact Not a Motion

Notice of Hearing" (Doc. No. 81); and "Affidavit of Fact (Not a Motion) to Dismiss for

Lack of Personam [sic] Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of

Territorial Jurisdiction, Improper Venue, and Void Judgment" (Doc. No. 89).[1]   Pursuant

to 28 U.S.C. § 636(b), the matters were referred to United States Magistrate Judge Joseph

Dueker.

---

[1]      Although all of Brown's filings are expressly labeled as "Not a Motion," it is clear
that his filings request relief from the Court.   Rules 12(b) and 47 of the Federal Rules of
Criminal Procedure provide for such requests to be made by pretrial motion.   *See* F.R.
Crim. P. 47(a) ("A party applying to the court for an order must do so by motion.")
Because Brown has elected to represent himself, without counsel, the Court will
nonetheless address his requests as though they had been properly made by motion.

Following an evidentiary hearing, Magistrate Judge Dueker issued a Report and Recommendation on September 19, 2023 ("Third R&R"; Doc. No. 97), recommending that each of Brown's requests be denied.   Defendant has not filed objections to the Third R&R, and the time to do so has passed.   After careful review, the Third R&R, issued by Judge Dueker, will be adopted, and Brown's requests for relief will be denied.

**Procedural History**

This is not the first round of motions/requests for relief filed in this case.   The procedural history of the case prior to these latest requests for relief/motions was detailed in this Court's Order Adopting Magistrate Judge Orders and Recommendations dated July 24, 2023 ("July 2023 Order"; Doc. No. 86), and will not be repeated here, but only summarized as pertinent.

Brown was initially charged by indictment on October 19, 2022 with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).   At that time, pretrial matters were referred to Magistrate Judge David D. Noce.   On January 23, 2023, Judge Noce filed an Order and Recommendation Regarding Certain Pro Se Motions ("First R&R"), including Brown's request that he be permitted to represent himself with the assistant of non-attorney Ricardo Orlando Elliot as his "legal advisory and attorney."   (Doc. No. 32).   Brown filed objections to the First R&R.   In May 2023, following Judge Noce's retirement from the Court, pretrial matters were ultimately referred to Magistrate Judge Joseph S. Dueker.   (Doc. No. 43).   Although still represented by counsel, Brown filed several additional *pro se* requests for orders.

2

Following a hearing, Judge Dueker entered an Order on May 24, 2023, permitting Brown to proceed *pro se* (Doc. No. 54), and set a date for filing pretrial motions or a waiver of motions.   Following another status conference, Judge Dueker appointed attorney William Marsh as standby counsel, over Brown's objection.   (Doc. No. 63). Brown filed numerous additional requests for orders, including several filings challenging the Court's jurisdiction.[2]   Judge Dueker entered reports and recommendations recommending that Brown's *pro se* requests be denied.   ("Second R&Rs"; Doc. Nos. 64 & 69).   This Court entered an Order adopting the First R&R and Second R&Rs in the above-referenced July 2023 Order.   (Doc. No. 86).

In the meantime, a superseding indictment was filed on June 21, 2023, charging Brown with one count of being a felon in possession of a firearm, and one count of unlawful possession of a machine gun, in violation of 18 U.S.C. 922(o), arising out of the same events that formed the basis of the initial indictment.   (Doc. No. 70).   In light of the superseding indictment, the parties were given the opportunity to file additional pretrial motions, and Brown filed the requests for relief/motions that are the subject of this Order.

An evidentiary hearing was held on August 30, 2023, at which Police Officer

---

[2]      Among these requests was an "Affidavit of Fact" to dismiss the case for "lack of subject matter jurisdiction and improper venue, and void-for-vagueness doctrine."   (Doc. No. 61.)   Though styled "Not a Motion," Brown begins by stating "Pursuant to 41 Rule. Petitioner hereby moves the court to dismiss Respondents Complaint with prejudice." *Id.* at 1.

David Loyola-Garcia testified.   Brown appeared pro se, and was given an opportunity for cross-examination.   On September 19, 2023, Magistrate Judge Dueker issued a Report and Recommendation ("Third R&R"; Doc. No. 97), recommending that each of Brown's requests be denied.

When a party objects to a Report and Recommendation concerning a dispositive matter, the court is required to '"make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"   *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).   The Court will address, briefly, each of the requests filed by Brown, in the order they were filed.

**Affidavit of Fact Suppress Physical Evidence (Doc. No. 78)**

In this request, Brown seeks the suppression of "two weapons and the Grand Jury Indictment."   Doc. No. 78, at 1.   As stated above, Brown has not challenged the findings of fact or legal conclusions in the Third R&R with respect to his request to suppress evidence.   Nonetheless, because Brown is proceeding *pro se*, the Court conducted a *de novo* review of the motion to suppress evidence and statements, including a full review of the testimony, exhibits and arguments.   Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly analyzed the issues.

<u>Challenges to Form of Indictment</u>

Brown initially challenges the grand jury indictments themselves because they do not have the seal of the United States and because he was given redacted versions that do

4

not bear the signatures of the grand jury foreperson or the Assistant United States

Attorney.[3]   For the reasons set forth in the Third R&R, the Court agrees that the

Superseding Indictment is sufficient under the law, as it contains all of the essential

elements of the offenses charged.   The Court further rejects as baseless Brown's various

challenges to the form of the superseding indictment.   The superseding indictment with

proper signatures is filed in the court record, and is filed under seal pursuant to court rule.

And there is no requirement under the Rules that the document bear a seal of the United

States.   Brown's further accusations that the indictment is improper, "altered," and a

"fraud upon the court" based on his belief that the indictments bear a different case

number also have no merit.   There has been no change in the case number; only the

initials following the case number have been changed from "AGF/DDN" to "AGF/JSD"

to reflect that Judge Noce, to whom the case was originally referred for pretrial matters,

retired and the case was thereafter referred to Judge Dueker.   Nor does the fact that the

state court declined to proceed on charges have any impact on the ability of the United

States, a separate sovereign, to proceed with charges.

<u>Challenges to the Seizure of Evidence</u>

The Court also rejects Brown's assertion that any evidence was seized in violation

of his constitutional rights.   For the reasons stated in the Third R&R, the Court agrees

---

[3]     Brown's motion contains references to Exhibits A-J, but no such exhibits were
attached to his filing.   Nonetheless, Brown appears to be referencing matters in the court
file.

that the officers had both reasonable suspicion and probable cause to stop Defendant's
vehicle when they observed the vehicle in a well-known drug area and determined from a
check of the license plate that the vehicle was reported stolen.   That probable cause only
increased when the vehicle fled when the officers turned on their lights and siren and
attempted to initiate a traffic stop.   They re-encountered the vehicle when it had been
involved in an accident.   Defendant and another suspect fled from the vehicle, with the
officers giving chase, and while running, Defendant tossed a bag over a fence.   The bag
contained two firearms, one of which had an automatic switch that transformed the
firearm to fully-automatic.   Based on these facts, the officers had probable cause to
conduct a warrantless arrest of Brown, a warrantless search of his person incident to his
arrest, and a search and seizure of the bag containing the firearms.

### Request and Demand Recuse Judge (Doc. No. 79)

Brown's contention that Magistrate Judge Dueker should recuse himself also has
no basis.   In a single sentence, Brown alleges that Judge Dueker has previously violated
other litigants' rights and failed to provide fair and impartial hearings, but he provides no
basis, whatsoever, for this bald assertion.   Based on the undersigned's review of the
record, the Court finds that Judge Dueker has conducted the proceedings fairly and
impartially and has treated Brown professionally.   Brown also cites, without explanation,
to various other requests/motions he has filed in this case, but all of those have been
properly rejected by the Magistrate Judge and by the undersigned as lacking in merit.
Nor does the fact that Judge Dueker appointed standby counsel over Brown's objection

6

provide any basis for recusal.   As this Court stated in its July 2023 Order, a defendant's constitutional rights are not violated when a trial judge appoints standby counsel, even over a defendant's objections.  *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ; *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).   The appointment of standby counsel is within the trial court's discretion.   *United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992); *United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996) (recognizing standby counsel did not interfere with defendant's right to pro se representation even though it was the court appointed standby counsel in whom defendant had lost trust).   As such, the Court finds Brown's request for recusal to be wholly without basis.

### Affidavit of Fact to Dismiss for Failure to Prosecute (Doc. No. 80)

Brown provides no basis whatsoever for his one-sentence contention that there has been any failure to prosecute.   His further statement that "[i]mplicit in the duty to prosecute is a duty to keep the court apprised of one's mailing address" simply makes no sense.   Moreover, Brown's many filings in this case belie any suggestion that he is unaware of the Court's mailing address or that the Court has not properly sent court filings to his address.[4]

### Affidavit of Fact (Not a Motion) to Dismiss for Lack of Personam [sic] Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Venue, and Void Judgment (Doc. No. 89)

In this motion, Brown recites much of the verbiage associated with sovereign

---

[4]      Brown is advised that if he changes his mailing address, he must notify his pretrial services officer and the Clerk of Court.

citizens, such as his contention that the Court's jurisdiction is limited to eight exclusive areas, that do not include cases arising under the federal criminal statutes; that the Assistant United States Attorney has no authority; and that the law "requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings"; that he is not the defendant and not a person under the law.   (Doc. No. 89, at 2-4).   The Court will not attempt to list all of the statements made.   These arguments have no validity under American law, and have routinely been found to be meritless. *See United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases); *United States v. Taylor*, No. 19-303 (RBW), 2023 WL 5417247, at *21-23 (W.D. Pa. Aug. 22, 2023); *United States v. Garcia*, No. 15-cr-260 (PAM/TNL), 2016 WL 9131430, at *2 (D. Minn. May 9, 2016).

As this Court stated in its July 2023 Order, Defendant is charged with violation of criminal statutes passed by Congress, and this Court has jurisdiction over the criminal prosecution pursuant to 18 U.S.C. § 3231.   *See, e.g., United States v Pemberton*, 405 F.3d 656, 659 (8th Cir. 2005) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231. . . . That's the beginning and the end of the jurisdictional inquiry.") (citation and internal quotations omitted); *Flanagan v. United States*, No. 4:13-CV-2090-RWS, 2014 WL 1315230, at *5 (E.D. Mo. Mar. 28, 2014) (citing *United States v. Hayes*, 574 F.3d 460, 471 (8th Cir. 2009)).   Defendant's various arguments with respect to the status of the United States or his status do not divest this Court of jurisdiction.   *See, e.g., Coleman*, 871 F.3d at 476; *United States v. Benabe*, 654

8

F.3d 753, 767 (7th Cir. 2011); *United States v. Hightower*, No. 4:19 CR 851 SRC/DDN, 2020 WL 1958455, at *3 (E.D. Mo. Mar. 25, 2020).   His contention that the Court has jurisdiction only if the parties have diverse citizenship or the issue arises under federal law plainly confuses civil and criminal cases.   And in any event, as stated above, the case arises under federal law.   Likewise, there is no requirement that there be an "injured party" or that he be able to face the alleged victim at his arraignment.   *See United States v. Gray*, 448 F.2d 164, 167-68 (9th Cir. 1971); *see also* Fed. R. Crim. P. 10.   In any event, the caselaw recognizes that "[t]he Government doubtlessly suffers an 'injury in fact' when a defendant violates its criminal laws."   *United States v. Yarbrough*, 452 Fed. App'x 186, 189 (3d Cir. 2011).   Further, the statute does not require "use" of the firearm by Brown, as Brown contends, but only that he possessed it, and his suggestion that somehow subject matter jurisdiction requires proof that Brown himself traveled between states while personally possessing the firearm has no basis under the law.   Brown's other challenges to subject matter jurisdiction are equally lacking in merit and are rejected.

Personal jurisdiction exists as Brown was arrested in this district and brought before this Court, and he is not a person beyond the jurisdiction of the courts.   *Benabe*, 654 F.3d at 767.   Likewise, venue is proper as the testimony at the pretrial evidentiary hearing confirmed that the crime occurred in the Eastern District of Missouri.   The Court will not address Brown's other statements, such as his suggestion that venue requires proof that the federal government owned the address where he allegedly possessed the firearms and was arrested, as the remaining arguments also have no merit.

9

Brown's suggestions that the case must be dismissed because his demands to demonstrate jurisdiction have not been met, and his attempt to "Notice" a hearing before the undersigned at which the Assistant United States Attorney will be required to rebut his various, baseless "Affidavits" regarding jurisdiction (Doc. No. 81) are rejected. Subject matter jurisdiction, personal jurisdiction and venue all properly exist in this case, as shown in this and this Court's prior orders.

Accordingly, for the reasons stated in the Third R&R and as further stated herein,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [Doc. No. 97] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's requests for relief/motions referenced above are **DENIED**.   [Doc. Nos. 78, 79, 80, 81 and 89].

**IT IS FURTHER ORDERED** that the Jury Trial in this matter remains scheduled during the **three-week** docket beginning **Monday, November 6, 2023 at 9:00 a.m.**   An Order Setting Forth Trial Procedures and scheduling a Final Pretrial Conference will be filed separately.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of October, 2023.

10